1  JONATHAN H. BLAVIN (State Bar No. 230269)
   jonathan.blavin@mto.com
2  NICHOLAS D. FRAM (State Bar No. 288293)
   nicholas.fram@mto.com
3  MUNGER, TOLLES & OLSON LLP
   560 Mission Street
4  Twenty-Seventh Floor
   San Francisco, California 94105-2907
5  Telephone:    (415) 512-4000
   Facsimile:    (415) 512-4077
6
7  Attorneys for LinkedIn Corporation

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LinkedIn Corporation,<br><br>        Plaintiff,<br><br>   vs.<br><br>Does, 1 through 100 inclusive,<br><br>        Defendants. | Case No. 5:16-CV-04463-LHK-NMC<br><br>**NOTICE OF MOTION AND MOTION TO SHORTEN TIME FOR A HEARING ON PLAINTIFF LINKEDIN CORPORATION'S ADMINISTRATIVE REQUEST PURSUANT TO LOCAL RULE 7-11 FOR LEAVE TO SEEK EXPEDITED DISCOVERY PRIOR TO RULE 26 CONFERENCE** |

| | |
|---|---|
| 1 | Plaintiff LinkedIn Corporation ("LinkedIn") hereby moves this Court, pursuant to Local |
| 2 | Civil Rule 6-3, for an order shortening time for a hearing on Plaintiff LinkedIn Corporation's |
| 3 | Administrative Request Pursuant to Local Rule 7-11 For Leave to Seek Expedited Discovery Prior |
| 4 | to Rule 26 Conference ("Motion"). LinkedIn requests that the Court either hear its Motion as soon |
| 5 | as the Court's calendar permits or that the Court rule on the Motion without a hearing as soon as |
| 6 | reasonably practicable given the Court's calendar. |
| 7 | This motion to shorten time is made on the grounds that hearing the Motion on a regular |
| 8 | briefing schedule will cause LinkedIn prejudice, because LinkedIn cannot identify and serve the |
| 9 | Doe Defendants without the requested discovery, and thus, it cannot proceed with the litigation. |
| 10 | Further, because the Doe Defendants have not been located despite LinkedIn's best efforts, there |
| 11 | are no parties available to receive notice of this motion to shorten time and no reason to delay its |
| 12 | consideration or consideration of the Motion. Finally, there is need to move forward with |
| 13 | discovery quickly because there is a risk that the Identifying Information could be deleted by |
| 14 | Internet Service Providers ("ISPs") and networks as sometimes happens in the normal course of |
| 15 | their business. |
| 16 | This motion to shorten time is based upon the Memorandum of Points and Authorities, the |
| 17 | Declaration of Christopher McLean ("McLean Decl.") filed concurrently herewith, the complete |
| 18 | files and records in this action, and any oral argument with regard to this motion to shorten time. |

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION AND BACKGROUND**

The Doe Defendants have engaged in extensive data "scraping" activities on LinkedIn's website in circumvention of several layers of technical barriers employed by LinkedIn to protect and secure its site and in violation of express access and use restrictions in LinkedIn's User Agreement. On August 8, 2016, LinkedIn sued the Doe Defendants alleging various claims for relief, including for violation of the Computer Fraud and Abuse Act, 18 U.S.C. §§ 1030, et seq., California Penal Code §§ 502 et seq., and the Digital Millennium Copyright Act, 17 U.S.C. §§ 1201 et seq. (the "DMCA"). *See* Dkt. No. 1.

| | |
|---|---|
| 1 | Before filing suit, LinkedIn engaged in an extensive investigation in an attempt to discover |
| 2 | the Doe Defendants' names, current and former addresses, telephone numbers, e-mail addresses, |
| 3 | activity logs, and/or other information (collectively "Identifying Information"). McLean Decl. |
| 4 | ¶¶ 6, 9-10. LinkedIn has determined that the Doe Defendants accessed LinkedIn through |
| 5 | thousands of Internet Protocol ("IP") addresses associated with a number of different ISPs, |
| 6 | networks. *Id*. at ¶¶ 6, 8. LinkedIn has been unable, however, to discover the Doe Defendants' |
| 7 | Identifying Information. *Id*. at ¶ 11. |
| 8 | Without the requested discovery, LinkedIn has no reasonable means available to obtain the |
| 9 | Identifying Information. *Id*. Because LinkedIn does not have the proper information to serve the |
| 10 | Doe Defendants, it would be impossible to hold a conference of counsel under Federal Rule of |
| 11 | Civil Procedure 26(f). |
| 12 | Accordingly, LinkedIn seeks to shorten time on its Motion to propound expedited third- |
| 13 | party discovery, for the sole purpose of ascertaining the Identifying Information, including serving |
| 14 | subpoenas under Federal Rule of Civil Procedure 45 requesting the Identifying Information on |
| 15 | several ISPs and networks so that LinkedIn can serve the Doe Defendants and the suit can |
| 16 | progress expeditiously. |

**II.     ARGUMENT**

LinkedIn will suffer prejudice if this Court hears its Motion on a normal briefing schedule because LinkedIn cannot identify and serve the Doe Defendants without the requested discovery, and thus, it cannot proceed with the litigation. The various ISPs and networks from which LinkedIn seeks information are the only entities known to LinkedIn with access to the Identifying Information and LinkedIn has no other reasonable means to discover the Identifying Information other than from them. If this Motion is not granted, it will continue to delay LinkedIn's ability to alleviate the harm it has suffered as a result of the Doe Defendants' unlawful conduct. Moreover, there is a risk that the Identifying Information could be deleted by ISPs and networks as sometimes happens in the normal course of their business. *See* McLean Decl. at ¶ 14.

Because the Doe Defendants have not been located despite LinkedIn's best efforts, there are no parties available to receive notice of this motion to shorten time and no reason to delay its

consideration or consideration of the Motion. Given that there is no known defendant in the case, there can be no prejudice to any defendant in granting this motion to shorten time and ruling on LinkedIn's Motion on an expedited basis.

### III. CONCLUSION

For the foregoing reasons, the Court should grant LinkedIn's motion to shorten time and either hear its Motion as soon as the Court's calendar permits or rule on the Motion without a hearing as soon as reasonably practicable given the Court's calendar.

DATED: August 17, 2016                    MUNGER, TOLLES & OLSON LLP


By: _____*/s/ Jonathan H. Blavin*_____
      JONATHAN H. BLAVIN
      Attorneys for Plaintiff Linkedin Corporation