UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINKEDIN CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>DOES 1 THROUGH 100, INCLUSIVE,<br><br>    Defendant. | Case No.16-cv-04463 LHK   (NC)<br><br>**ORDER GRANTING IN PART LINKEDIN CORPORATION'S EX PARTE MOTION FOR EXPEDITED DISCOVERY**<br><br>Re: Dkt. No. 7 |

Plaintiff LinkedIn Corporation moves for expedited discovery to learn the identities of unknown defendants. Dkt. No. 7. In this Computer Fraud and Abuse Act case, LinkedIn seeks to subpoena specific internet service providers ("ISPs") and networks to uncover the identities of doe defendants who allegedly scraped protected information from its website. Because LinkedIn shows good cause in its motion, the Court GRANTS in part LinkedIn's motion, but limits discovery to the time period of December 2015 to the present, and the subpoenaed entities to those specified in Exhibit B to Christopher McLean's Declaration. Dkt. No. 8.

**I.    BACKGROUND**

  **A.    Facts**

LinkedIn Corporation, an online professional network, is headquartered in this judicial district. Dkt. No. 1 at 3. LinkedIn uses a number of technological safeguards to prevent the accessing and large-scale copying of member data. *Id*. at 5. Among these

Case No.16-cv-04463 LHK (NC)

safeguards are features that help uncover and prevent the creation of non-human profiles, limit usage, and scan and/or block suspicious activity associated with specific IP addresses. *Id*. at 5-6. LinkedIn alleges that starting in December 2015, unknown defendants extracted and copied data off of LinkedIn's website. Dkt. No. 7 at 6. In addition, LinkedIn argues, these defendants repeatedly violated its User Agreement, which prohibits creating fake accounts and data scraping. *Id*. at 6, 8. According to LinkedIn, defendants have used "large sets of distributed networks and IP addresses that change frequently" to circumvent its restrictions on the volume of activity members may initiate, as well as mask defendants' identities. Dkt. No. 1 at 9. Lastly, defendants allegedly manipulated a "whitelisted" cloud computing platform to circumvent LinkedIn technical safeguards. *Id*.

Since becoming aware of defendants' alleged misconduct, LinkedIn has conducted an "extensive" ongoing investigation. Dkt. No. 8 ("McLean Decl.") at 3. In the course of that investigation, LinkedIn has compiled spreadsheets and reports that track defendants' ISPs, networks, and IP addresses, the dates and times of activity on the website, and the number of LinkedIn pages accessed. Dkt. No. 1 at 10. Regarding the whitelisted entity, LinkedIn has information about those illicit usages. *Id*. LinkedIn argues it cannot learn defendants' identities without third-party discovery on the ISPs and networks, which will not disclose the identities of defendants unless served with a subpoena. Dkt. No. 7 at 12; McLean Decl. at 3. LinkedIn believes defendants are a small number of corporate entities that scraped data to use commercially. Dkt. No. 7 at 10; McLean Decl. at 4.

**B. Procedural History**

On August 8, 2016, LinkedIn filed a complaint alleging violations of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030, California Penal Code § 502, the Digital Millennium Copyright Act, and various state law claims. Dkt. No. 1 at 11-17. On August 17, 2016, LinkedIn filed an ex parte motion seeking an order that would allow "it to conduct expedited third-party discovery for the limited purpose of obtaining the names, current and former addresses, telephone numbers, e-mail addresses, activity logs, and/or other information" to identify defendants. Dkt. No. 7 at 6. LinkedIn's purpose in seeking

Case No.16-cv-04463 LHK (NC)  2

this information is the identification of defendants so it can serve them. *Id*. at 10. LinkedIn did not specify a date range for the information sought. *See* Dkt. No. 7.

In support of its motion, LinkedIn filed a declaration and exhibit identifying "certain IP addresses and ISPs and networks" defendants allegedly used to scrape data. Dkt. No. 7 at 10; Dkt. No. 8. According to LinkedIn, these ISPs and networks "span the range of local, regional, and national providers in this country and abroad." Dkt. No. 7 at 9. Attached to the McLean Declaration is Exhibit B, which identifies fifteen different ISPs and networks associated with the relevant IP addresses. McLean Decl. at 3-4, Exh. B. These ISPs and networks are: Century Link, Charter Communications, Cogent Communications, Comcast Business Communications, Comcast Cable, Cox Communications, Google, Google Fiber, Level 3 Communications, Time Warner Cable, Verizon Business, Verizon Fios, Verizon Internet Services, Verizon Wireless, and XO Communications. LinkedIn identified no other ISPs or networks. *See* Dkt. No. 7.

## II. Discussion

Ordinarily, a party may not seek discovery from any source before the initial Rule 26(f) planning conference. Fed. R. Civ. P. 26(d). But the court may authorize discovery before the Rule 26(f) conference for good cause and in the interests of justice. Fed. R. Civ. P. 26(d); *Semitool, Inc. v. Tokyo Electron America, Inc*., 208 F.R.D. 273, 276 (N.D. Cal. 2002)). Good cause may exist where, in consideration of the administration of justice, the need for expedited discovery outweighs the prejudice to a responding party. *OpenMind Solutions, Inc. v. Does 1-39*, No. 11-cv-3311 MEJ, 2011 WL 4715200, at *2 (N.D. Cal. Oct. 7, 2011).

A plaintiff who does not know the identities of defendants before filing a complaint should be given the opportunity to identify the defendants through discovery unless it is clear from the face of the complaint that it would be dismissed on other grounds, or that discovery would not identify defendants. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). In evaluating whether a plaintiff establishes good cause to identify defendants through expedited discovery, courts consider whether: (1) the plaintiff can identify the

Case No.16-cv-04463 LHK (NC) 3

missing party with sufficient specificity so the Court can determine the defendant is a real person or entity who could be sued in federal court; (2) the plaintiff identified all previous steps taken to locate the elusive defendant; (3) the plaintiff's suit could withstand a motion to dismiss; and (4) the plaintiff demonstrated a reasonable likelihood of being able to identify the defendant through discovery so service of process would be possible. *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999)).

### A. LinkedIn Identified the Defendants with Sufficient Specificity.

First, the Court examines if the plaintiff identified defendants with sufficient specificity, so that each defendant is a real person or entity subject to the Court's jurisdiction. *Columbia Ins. Co.*, 185 F.R.D. at 578. Here, LinkedIn alleges defendants are real persons or entities scraping and copying data from its website. Dkt. No. 7 at 6. LinkedIn "identified exact dates and times of the data scraping events as well as IP addresses" defendants used. *Id.* at 11. LinkedIn believes defendants are corporate entities engaging in data scraping for commercial use. *Id.* at 10. These alleged actions suggest a coordinated scheme with real people or entities behind it. Thus, the Court finds LinkedIn provided sufficient specificity to demonstrate defendants are real people or entities.

### B. LinkedIn Identified the Prior Steps Taken To Identify Defendants.

Second, the plaintiff must identify the steps taken to identify the elusive defendant. *Columbia Ins. Co.*, 185 F.R.D. at 579. A plaintiff can satisfy this element by attempting to monitor and track defendants' online activities. *OpenMind Solutions, Inc.*, 2011 WL 4715200, at *3-4. According to LinkedIn, it has conducted an "extensive investigation" and identified the "exact dates and times of the data scraping events as well as IP addresses" defendants used. Dkt. No. 7 at 11; McLean Decl. at 3-4. However, LinkedIn cannot further identify defendants because ISPs and networks will not disclose such information without a subpoena. Dkt. No. 7 at 12. The Court finds LinkedIn investigated and took steps to discover defendants' identities.

### C. LinkedIn's Suit Would Withstand a Motion to Dismiss.

Third, the Court considers whether LinkedIn's complaint would survive a motion to

Case No.16-cv-04463 LHK (NC)  4

dismiss. *Columbia Ins. Co.*, 185 F.R.D. at 579. To survive a motion to dismiss, a plaintiff must present "a short and plain statement of the claim" showing it is entitled to relief, and giving a defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Furthermore, to show good cause, a plaintiff need only allege facts to withstand a motion to dismiss on one of its claims. *New Sensations, Inc. v. Does 1-426*, No. 12-cv-3800 JSC, 2012 WL 4675281, at *6 (N.D. Cal. Oct. 1, 2012).

Here, LinkedIn brings a claim under the CFAA, 18 U.S.C. § 1030. Dkt. No. 1 at 11-12. The CFAA "creates criminal and civil liability for whoever 'intentionally accesses a computer without authorization or exceeds authorized access, and thereby obtains … information from any protected computer.'" *Facebook v. Power Ventures, Inc.*, No. 13-17102, 2016 WL 3741956, at *5 (9th Cir. July 12, 2016) (quoting § 1030(a)(2)(C)). The statute provides a private claim for losses caused by violation of that section, where losses are of at least $5,000 during a one-year period, and includes "the cost of responding to an offense, conducting a damage assessment … or other consequential damages incurred because of the interruption of service." § 1030(c)(4)(A)(i)(I), (e)(11), (g).

LinkedIn alleges defendants "knowingly, willfully, and with intent to defraud, accessed LinkedIn's computers and servers without authorization or in excess of authorization," and obtained "something of value." Dkt. No. 1 at 12. In addition, LinkedIn alleges damages exceeding $5,000 during the past year. Dkt. No. 1 at 12; § 1030(c)(4)(A)(i)(I). The Court finds that LinkedIn's complaint provides defendants with notice of this claim and the grounds for it. *See Bell Atl. Corp.*, 550 U.S. at 545. Thus, the Court concludes that LinkedIn's CFAA claim would survive a motion to dismiss.

LinkedIn also brings a claim under the Digital Millennium Copyright Act, 17 U.S.C. § 1201(a)(1). Dkt. No. 1 at 13-15. "To state a claim under § 1201(a), a plaintiff must allege: (1) ownership of a copyrighted work; (2) effectively controlled by a technological measure which has been circumvented." *Coupons, Inc. v. Stottlemire*, 588 F. Supp. 2d 1069, 1073 (N.D. Cal. 2008). LinkedIn alleges defendants circumvented its

technological safeguards, gaining unauthorized access to copyrighted media on its website. The Court concludes LinkedIn's § 1201(a) claim would survive a motion to dismiss.

In addition, LinkedIn has shown the Court would have personal jurisdiction over its claims for purposes of this motion. For a Court to exercise specific personal jurisdiction over a defendant, it must determine that (1) the defendant purposefully directed its activities to the forum or purposefully availed itself of the privilege of conducting activities in the forum; (2) the claim arose out of or related to forum related activities; and (3) the exercise of jurisdiction is reasonable. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004)). Here, LinkedIn argues defendants are subject to this Court's personal jurisdiction because they "repeatedly, knowingly, and intentionally accessed and targeted LinkedIn's servers located in this judicial district." Dkt. No. 7 at 15. LinkedIn also asserts that defendants agreed to its User Agreement through registering as members of the website. *Id*. That agreement designates this judicial district as the forum where disputes must be resolved. *Id*. The Court finds that for purposes of this motion, defendants purposefully directed their activities towards California, subjecting themselves to the Court's jurisdiction.

**D. LinkedIn Demonstrated a Reasonable Likelihood of Being Able to Identify the Defendants.**

Lastly, the Court examines whether a reasonable likelihood exists that the proposed discovery will lead to identifying information about the defendants making service of process possible. *Columbia Ins. Co*., 185 F.R.D. at 580. LinkedIn argues that because it will provide the IP address information it compiled to the ISPs and networks, a "strong" likelihood exists that the subpoenas will lead to the identification of defendants. Dkt. No. 7 at 16. Based on LinkedIn's investigation, the Court agrees that the identifying information the ISPs and networks may provide will assist LinkedIn in identifying defendants and making service of process possible.

### E. The ISPs and Networks Would Suffer Minimal Prejudice from the Proposed Discovery.

A court may find good cause where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party. *Semitool*, 208 F.R.D. at 276. Here, LinkedIn contends that once the ISPs and networks are subpoenaed, they "can quickly and readily identify the computers and particular accounts associated with [defendants'] IP addresses." Dkt. No. 7 at 9. According to LinkedIn, the administration of justice would be benefited by discovery, since LinkedIn would be able to identify defendants, and amend its complaint to include defendants before the discovery conference. *Id*. at 17.

The Court agrees that the ISPs and networks would suffer minimal burden from providing identifying data. The Proposed Order presented to the Court, however, provides no relevant time period for this request, which leads the Court to conclude that this request is overly broad as drafted. Dkt. No. 7-1 at 2. In addition, the Proposed Order does not identify the specific parties to be subpoenaed. *Id*. Accordingly, the Court will limit the time period of discovery to **December 2015 to the present**, and the entities to be subpoenaed to those specified in Exhibit B of the McLean Declaration. The Court chooses this date range based on LinkedIn's allegations that defendants' misconduct began in December 2015 and continues to the present. Dkt. No. 7 at 6. Accordingly, the Court finds early discovery furthers the interests of justice and poses minimal prejudice to defendants. Should later-identified defendants object to some portion of this discovery, they may seek a protective order from the Court.

## III. CONCLUSION

The Court concludes LinkedIn has shown good cause for expedited discovery as to the entities specified, and for the time period of December 2015 to the present. Therefore, the Court GRANTS in part the motion for expedited discovery. Any party may object to this order, but must do so within 14 days. Fed. R. Civ. P. 72(a).

**IT IS SO ORDERED.**

Dated: August 30, 2016

_____
NATHANAEL M. COUSINS
United States Magistrate Judge