JONATHAN H. BLAVIN (State Bar No. 230269)
jonathan.blavin@mto.com
NICHOLAS D. FRAM (State Bar No. 288293)
nicholas.fram@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street
Twenty-Seventh Floor
San Francisco, California 94105-2907
Telephone:    (415) 512-4000
Facsimile:    (415) 512-4077

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LinkedIn Corporation and LinkedIn Ireland Unlimited Company,<br><br>Plaintiffs,<br><br>vs.<br><br>Raphael Azot, and Dataspectre,<br><br>Defendants. | Case No. 5:16-CV-04463-LHK-NC<br><br>**NOTICE OF MOTION AND MOTION PURSUANT TO CIVIL LOCAL RULE 7-11 TO (1) AUTHORIZE ALTERNATE SERVICE ON DATASPECTRE AND (2) EXTEND TIME TO SERVE THE COMPLAINT ON DATASPECTRE**<br><br>Opposition Due: May 9, 2017 |

Plaintiffs LinkedIn Corporation and LinkedIn Ireland Unlimited Company (collectively, "LinkedIn") hereby move this Court, pursuant to Local Civil Rule 7-11, for an order (1) authorizing LinkedIn to serve Defendant Dataspectre via an alternate method of service, and (2) extending time to serve the complaint on Dataspectre. This motion is based upon the Memorandum of Points and Authorities, the Declaration of Jonathan H. Blavin ("Blavin Decl.") filed concurrently herewith, the complete files and records in this action, and any oral argument the Court may hear with regard to this motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  PROCEDURAL HISTORY AND FACTUAL BACKGROUND**

LinkedIn filed its original complaint in this action on August 8, 2016 alleging that a set of Doe defendants had engaged in extensive data "scraping" activities on LinkedIn's website in circumvention of several layers of technical barriers employed by LinkedIn to protect and secure its site and in violation of express access and use restrictions in LinkedIn's User Agreement. *See* Dkt. No. 1. LinkedIn alleged various claims for relief, including for violation of the Computer Fraud and Abuse Act, 18 U.S.C. §§ 1030, et seq., California Penal Code §§ 502 et seq., and the Digital Millennium Copyright Act, 17 U.S.C. §§ 1201 et seq. (the "DMCA"). *See id.*

LinkedIn filed its initial complaint as a Doe complaint, as it did not know the true identities of the defendants. Blavin Decl. ¶ 2. Through subsequent third party discovery authorized by this Court (*see* Dkt. No. 13), LinkedIn discovered that the identity of the true defendants in this action were Raphael Azot and a website registered to him called Dataspectre (collectively, "Defendants"). Blavin Decl. ¶ 2. LinkedIn named Defendants in its Amended Complaint, filed on March 9, 2017. Dkt. No. 20. LinkedIn then moved to serve Azot and Dataspectre before the court-imposed deadline of May 8, 2017. *See* Dkt. No. 15 (permitting LinkedIn 60 days to serve Defendants from the date it filed its Amended Complaint).

Defendant Azot is a French national. Blavin Decl. ¶ 3. LinkedIn discovered an address for him in France, and served him on April 5, 2017 in accordance with Federal Rule of Civil Procedure 4(f) and the Hague Convention on the Service Abroad of Judicial and Extrajudicial

Documents in Civil or Commercial Matters ("Hague Convention").  *Id.*; *see also* Dkt. No. 28 (proof of service of sworn translations of the Summons and Amended Complaint).

LinkedIn also began the process of serving Dataspectre.  Blavin Decl. ¶ 4.  Dataspectre's website lists an address in France and an address in Palo Alto, California, and LinkedIn attempted personal service at the Palo Alto address on April 13, 2017.  *Id.* ¶¶ 4-5.  The process server who attempted service reported that there was no listing for Dataspectre (or Azot) at that address.  *Id.* ¶ 5.  One company at that address, Regus, operates a business renting shared office space, and it claimed to have no listing for Dataspectre (or Azot) either.  *Id.*  Despite its Palo Alto business address, there is no listing for Dataspectre on the website of the California Secretary of State.  *Id.* ¶ 8.

Next, counsel for LinkedIn mailed the Summons, Amended Complaint, Waiver of the Service of Summons form, and a stamped return envelope to Dataspectre's Palo Alto address.  *Id.* ¶ 7.  That mail was returned as undeliverable.  *Id.*

Counsel for LinkedIn also emailed Azot the Amended Complaint indicating that Dataspectre was a defendant on April 19, 2017.  *Id.* ¶ 6.  This email was sent to two of Azot's known email addresses.  *Id.*  To date, Azot has not responded to that email, or otherwise contacted counsel for LinkedIn.  *Id.*  The email was not returned as undeliverable.  *Id.*

## II.     ARGUMENT

LinkedIn has been diligent in attempting to serve Dataspectre, but despite its efforts, it has not been able to do so.  It has been impeded from serving Dataspectre because Dataspectre, despite representing that it does business in California, has failed to register with the California Secretary of State, and therefore has not provided an agent to receive service of process.  Accordingly, LinkedIn requests that the Court permit LinkedIn to serve Dataspectre via email, a well-established alternate method for service of process, and permit LinkedIn a reasonable amount of additional time to do so if necessary.

Rule 4(h)(1) provides that service on a corporation, partnership, or association may be made "in the manner prescribed by Rule 4(e)(1) for serving an individual."  In turn, Rule 4(e)(1) provides that service may be made "following state law for serving a summons in an action

1  brought in courts of general jurisdiction in the state where the district court is located or where
2  service is made."  "Sections 413.30 and 415.50 of the California Code of Civil Procedure
3  authorize substituted service."  *Recouvreur v. Carreon*, No. CR 12-03435 RS, 2012 WL
4  12920768, at *1 (N.D. Cal. Oct. 15, 2012).  Section 413.30 permits substituted service "in a
5  manner which is reasonably calculated to give actual notice to the party to be served," and section
6  415.50 authorizes service by publication if the party to be served cannot, "with reasonable
7  diligence," be served in another approved manner.  Regardless of the method, "Due Process
8  requires that any service of notice be 'reasonably calculated, under all circumstances, to apprise
9  interested parties of the pendency of the action and afford them an opportunity to present their
10 objections.'" *Lagree Techs., Inc. v. Spartacus 20th L.P.*, No. 17-CV-00795-JST, 2017 WL
11 1374598, at *1 (N.D. Cal. Apr. 17, 2017) (quoting *Mullane v. Cent. Hannover Bank & Trust Co.*,
12 339 U.S. 306, 314 (1950)).

13         LinkedIn requests that this Court permit it to serve Dataspectre via email to addresses
14 associated with the website, and to Azot, its principal.  It is well established that email is an
15 accepted method of alternate service under Civil Procedure Code § 413.30, where other methods
16 of service have failed despite plaintiff's diligence, and email would be reasonably likely to provide
17 actual notice of the pending action.  *See Yue v. Han*, No. 15-CV-03463-HSG, 2016 WL 3253007,
18 at *2 (N.D. Cal. June 14, 2016) ("A Court may also direct email service if it is reasonably
19 calculated to give actual notice to the party to be served," citing § 413.30 (quotation marks
20 omitted)); *Pac. Bell Tel. Co. v. 88 Connection Corp.*, No. 15-CV-04554-LB, 2016 WL 946132, at
21 *2 (N.D. Cal. Mar. 14, 2016) (same); *Steve McCurry Studios, LLC v. Web2Web Mktg., Inc.*, No. C
22 13-80246 WHA, 2014 WL 1877547, at *1 (N.D. Cal. May 9, 2014) (same); *United Health Servs.,*
23 *Inc. v. Meyer*, No. C 12-6197 CW, 2013 WL 843698, at *1 (N.D. Cal. Mar. 6, 2013) (same);
24 *Aevoe Corp. v. Pace*, No. C 11-3215 MEJ, 2011 WL 3904133, at *1 (N.D. Cal. Sept. 6, 2011)
25 (same).[1]

---

[1] *See also Miller v. Ceres Unified Sch. Dist.*, No. 1:15-CV-0029-BAM, 2016 WL 4702754, at *4 (E.D. Cal. Sept. 7, 2016) (permitting service via email where email would "reasonably give the

1    Here, there is little doubt that email to Azot would give actual notice to Dataspectre of the
2 lawsuit.  Dataspectre is registered in Azot's name.  Blavin Decl. ¶ 9.  LinkedIn has two email
3 addresses that it has a strong basis to conclude are associated with Azot: raphael_azot@hotmail.fr,
4 an email address that Azot supplied when he created his member profile on LinkedIn, and
5 raphaelazot@gmail.com, an email address associated with a fake account ("Boris Azot") that
6 LinkedIn has traced to Azot.  *Id.* ¶ 6.  Indeed, given that this case concerns Azot's and
7 Dataspectre's use of the Internet to circumvent LinkedIn's technical barriers, email may be the
8 means "most likely to apprise" Defendants of the action.  *See Facebook, Inc. v. Banana Ads, LLC*,
9 No. C-11-3619 YGR, 2012 WL 1038752, at *2 (N.D. Cal. Mar. 27, 2012) (permitting email
10 service where the defendants engaged in "commercial internet activities," the plaintiff "has valid
11 email addresses" for the defendants, and the defendants' physical address was "unsuitable for
12 service").  LinkedIn also would email the three email addresses that it has found that are
13 associated with the Dataspectre website: info@dataspectre.fr, which is listed on the website itself
14 (Blavin Decl. ¶ 4), and two additional email addresses LinkedIn has discovered through WHOIS
15 information lookup on the Internet (*Id.* ¶ 9).
16    Further, as described above, LinkedIn has been diligent in its attempts to serve Dataspectre
17 at the address it provides on its website to "GET IN TOUCH."  Blavin Decl. ¶ 4.  LinkedIn
18 attempted personal service at the address as well as service by mail.  *Id*. ¶ 5, 7.  LinkedIn has
19 served Azot with a Summons directed to Azot and a copy of the Amended Complaint in France.
20 *Id.* ¶ 3.  Additional attempts to serve Dataspectre at its California address, either personally or via
21 mail, would be futile, as Dataspectre's Palo Alto address has no listing for it (or Azot).  *Id.* ¶ 5.
22 There is no listing for Dataspectre on the website of the California Secretary of State, and
23 therefore no registered agent for service of process for LinkedIn to serve.  *Id.* ¶ 8.
24    Permitting service of Dataspectre via email also comports with Rule 4(h)(2), should
25 Dataspectre be considered a foreign business entity.  Rule 4(h)(2) authorizes service of process on
26 a foreign business entity in the manner prescribed by Rule 4(f) for individuals.  Under Rule

---

28 party adequate notice"); *Kohler Co. v. Domainjet, Inc.*, No. 11-CV-1767-BEN MDD, 2012 WL 716883, at *2 (S.D. Cal. Mar. 5, 2012) (same)

4(f)(3), service on an individual in a foreign country may be accomplished "by other means not prohibited by international agreement, as the court orders." Whether such alternate service is permissible is a case-by-case determination based on the "particularities and necessities of a given case." *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002). As with service of a domestic business entity, service still must be reasonably calculated to inform the defendant of the action as well. *Id*. In short, "to establish that service by email [of a foreign defendant] is appropriate, a plaintiff must show: (1) that service by email is 'reasonably calculated to provide actual notice' to the defendant; and (2) international agreement does not prohibit such service." *Facebook*, 2012 WL 1038752 at *1.

The first prong of this test is readily met. As explained above, courts routinely hold that service by email is reasonably calculated to inform the defendant of the action. This remains true in the international context. *See, e.g., ADT Sec. Servs., Inc. v. Sec. One Int'l, Inc.*, No. 11-CV-05149 YGR, 2012 WL 3580670, at *2 (N.D. Cal. Aug. 17, 2012) (permitting service via email under Rule 4(f)(3) where emails sent to the defendant "have not been returned as undeliverable."); *Facebook*, 2012 WL 1038752 at *2.

Second, service by email is not prohibited by the Hague Convention, the relevant international agreement governing service of persons and entities in France. The "Hague Service Convention does not expressly prohibit email service." *Id.* (collecting cases from this District); *accord Williams-Sonoma Inc. v. Friendfinder Inc.*, No. C06-06572 JSW, 2007 WL 1140639, at *2 (N.D. Cal. Apr. 17, 2007).[2]

---

[2] On occasion, a court may decline to grant permission to serve a foreign defendant via email where the foreign defendant resides in a country that is party to the Hague Convention and that country has expressed opposition to Article 10, which permits service via postal channels. *See, e.g. Agha v. Jacobs*, No. C 07-1800 RS, 2008 WL 2051061, at *1 (N.D. Cal. May 13, 2008); *but see Williams-Sonoma*, 2007 WL 1140639, at *2 (permitting service via email, but not mail, for defendants in countries that had objected to Article 10). Although it is not clear that email is a "postal channel" within the meaning of Article 10, there is no such issue here, as France has expressed "no opposition" to Article 10's provisions authorizing service via postal channels. *See* Table Reflecting the Applicability of Articles 8(2), 10(a)(b) and (c), 15(2) and 16(3) of the Hague Service Convention at 5, *available at* https://assets.hcch.net/docs/6365f76b-22b3-4bac-82ea-395bf75b2254.pdf (last accessed April 27, 2017).

The Ninth Circuit's decision in *Rio Properties* is instructive.  There, the plaintiff attempted to locate a foreign business entity in the United States in order to serve it with a federal summons and complaint.  284 F. 3d at 1013.  The plaintiff discovered that the foreign defendant had a physical address in Florida, and attempted service at that address, but there was no one authorized to accept service there.  *Id.*  It applied to the district court for an order permitting it to serve the defendant via email (and via mail to an attorney for the defendant).  *Id.*  The Ninth Circuit affirmed the district court's grant of permission to serve the defendant via email, explaining that the plaintiff "need not have attempted every permissible means of service of process before petitioning the court for alternative relief."  *Id.* at 1016.  Instead, the plaintiff needs only to have demonstrated that "the facts and circumstances of the present case necessitated the district court's intervention."  *Id.*  It approved the use of email to serve the "elusive" defendant, reasoning that email "was the method of service *most likely* to reach" the defendant.  *Id.* at 1017 (emphasis added).

Email to Dataspectre and Azot is the method most likely to reach Dataspectre here, given (a) Azot's technical sophistication, (b) the reliable email addresses that LinkedIn has for Azot and the email addresses that LinkedIn has uncovered associated with Dataspectre, and (c) that Dataspectre is registered in Azot's name.  LinkedIn is prepared to email the Dataspectre Summons and another copy of the Amended Complaint immediately should the court permit LinkedIn to pursue service via email.[3]  If the Court does not grant the instant motion prior to the current service deadline, May 8, LinkedIn requests that it be permitted a reasonable amount of time in which to accomplish email service.[4]

---

[3] As Dataspectre has a California address and its website is in English, LinkedIn does not plan on translating the Dataspectre summons into French.  Should the Court so-require, LinkedIn requests an additional 7 days to make that translation.

[4] Rule 4(m) permits a court to extend the default period of time to serve a defendant for good cause or in the exercise of its discretion.  *Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007).  Good cause exists for extending the Rule 4(m) deadline when, *inter alia*, "plaintiff was prevented from serving defendants by factors beyond his control."  *Crowley v. Factor 5, Inc.*, No. C11-05528 SBA, 2014 WL 1868851, at *2 (N.D. Cal. May 7, 2014) (quotation marks omitted).  That Dataspectre's self-proclaimed address had no record of it is certainly beyond LinkedIn's control.

### III. CONCLUSION

For the foregoing reasons, the Court should grant LinkedIn's motion for an order (1) authorizing LinkedIn to serve Dataspectre via an alternate method of service, and (2) extending time to serve the complaint on Dataspectre.

DATED: May 3, 2017                MUNGER, TOLLES & OLSON LLP


By: */s/ Jonathan H. Blavin*
    JONATHAN H. BLAVIN
    Attorneys for Plaintiffs Linkedin Corporation and LinkedIn Ireland Unlimited Company