1  JONATHAN H. BLAVIN (State Bar No. 230269)
   jonathan.blavin@mto.com
2  NICHOLAS D. FRAM (State Bar No. 288293)
   nicholas.fram@mto.com
3  MUNGER, TOLLES & OLSON LLP
   560 Mission Street, 27th Floor
4  San Francisco, California 94105-2907
   Telephone:   (415) 512-4000
5  Facsimile:   (415) 512-4077

6  Attorneys for Plaintiff LinkedIn Corporation

7  KENNETH L. WILTON (State Bar No. 126557)
   kwilton@seyfarth.com
8  SEYFARTH SHAW LLP
   2029 Century Park East, Suite 3500
9  Los Angeles, California 90067-3021
   Telephone:   (310) 277-7200
10 Facsimile:   (310) 201-5219

11 CARRIE P. PRICE (State Bar No. 292161)
   cprice@seyfarth.com
12 SEYFARTH SHAW LLP
   560 Mission Street, Suite 3100
13 San Francisco, California 94105-2930
   Telephone:  (415) 397-2823
14 Facsimile:   (415) 397-8549

15 Attorneys for Defendants Scraping Hub Limited,
   Pablo Hoffman and Shane Evans

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LinkedIn Corporation,<br><br>          Plaintiff,<br><br>     vs.<br><br>Scraping Hub Limited, Pablo Hoffman and Shane Evans,<br><br>          Defendants. | Case No. 16-cv-04463-LHK<br><br>**Stipulation and [Proposed] Order Staying Further Proceedings and Deadlines**<br><br>Judge:   Hon. Lucy H. Koh |

1      WHEREAS, Plaintiff LinkedIn Corporation ("LinkedIn") amended its complaint ("Complaint") to name Scraping Hub Limited, Pablo Hoffman, and Shane Evans ("Defendants") on June 7, 2017, ECF No. 39;

WHEREAS, the Complaint alleges that Defendants have employed various automated software programs to extract and copy data from LinkedIn's servers and has alleged six causes of action against Defendants including, *inter alia*, under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 ("CFAA"), and California Penal Code § 502 ("§ 502");

WHEREAS, Defendants' deadline to answer or otherwise respond to the Complaint is currently October 19, 2017, *see* ECF No. 58, and no Defendant has, to date, answered or otherwise responded to the Complaint;

WHEREAS, on August 14, 2017, in another case pending in the Northern District of California in which LinkedIn is a defendant and which involves allegations of a third party (hiQ Labs, Inc. ("hiQ")) employing various automated software programs to extract and copy data from LinkedIn's servers, the Hon. Edward M. Chen issued an order regarding, *inter alia*, the CFAA and § 502 in the context of hiQ's motion for a preliminary injunction ("Judge Chen's Order"), *see* ECF No. 63 in *hiQ Labs, Inc. v. LinkedIn Corp.*, No. 17 Civ. 3301-EMC (N.D. Cal. Aug. 14, 2017);

WHEREAS, LinkedIn filed a notice of appeal from Judge Chen's Order to the U.S. Court of Appeals for the Ninth Circuit on September 5, 2017 (the "hiQ Appeal");

WHEREAS, because Judge Chen's Order concerns preliminary injunctive relief, the hiQ Appeal is an appeal as of right and will be expedited, subject to Ninth Circuit Local Rule 3-3, with briefing being completed by November 21, 2017;

WHEREAS, the Ninth Circuit's resolution of the hiQ Appeal may provide significant guidance regarding the critical issues concerning the CFAA and § 502 in this case;

WHEREAS, in the interests of judicial efficiency and conserving the resources of this Court and the parties;

NOW, THEREFORE, FOR GOOD CAUSE, IT IS HEREBY STIPULATED AND AGREED**:**

1.      All proceedings and deadlines in the above-captioned case, including

Defendants' deadline to answer or otherwise respond to the Complaint, are hereby stayed pending the resolution of the hiQ Appeal (the "Stay");

      2.     The Stay is effective immediately and shall continue until 30 days after the hiQ Appeal is resolved;

      3.     LinkedIn shall notify Defendants of the Ninth Circuit's resolution of the hiQ Appeal within 7 days of the Ninth Circuit rendering an opinion resolving the hiQ Appeal;

      4.     Within 30 days of the of the Ninth Circuit rendering an opinion resolving the hiQ Appeal, LinkedIn and Defendants shall meet and confer and inform the Court of their plans regarding the best way to proceed in the above-captioned action, and shall jointly request a case management conference;

      5.     If the hiQ Appeal is resolved in any way other than by way of written opinion of the Ninth Circuit (e.g. settlement, withdrawal or dismissal), LinkedIn shall so inform Defendants within 7 days of such resolution and the parties shall, within 30 days of such resolution, meet and confer and inform the Court of their plans regarding the best way to proceed in the above-captioned action, and shall jointly request a case management conference.

      6.     The case management conference set for October 18, 2017 shall be continued pending resolution of the hiQ Appeal.

//

DATED:  October 3, 2017          MUNGER, TOLLES & OLSON LLP
                                          JONATHAN H. BLAVIN
                                          NICHOLAS D. FRAM

                              By:    */s/ Jonathan H. Blavin*
                                   JONATHAN H. BLAVIN

                              Attorneys for Plaintiff LinkedIn Corporation

DATED: October 3, 2017      SEYFARTH SHAW LLP
                                 KENNETH L. WILTON
                                 CARRIE P. PRICE

By:   */s/ Kenneth L. Wilton*
      KENNETH L. WILTON

Attorneys for Defendants Scraping Hub Limited, Pablo Hoffman and Shane Evans

**N.D. Cal. Civil Local Rule 5-1 Attestation**

I, Jonathan H. Blavin, am the ECF user whose credentials were utilized in the electronic filing of this document. In accordance with N.D. Cal. Civil Local Rule 5-1(i)(3), I hereby attest that Jonathan Blavin concurred in the filing of this document.

By:   */s/ Jonathan H. Blavin*
      Jonathan H. Blavin

## [PROPOSED] ORDER

Pursuant to the stipulation of the parties, IT IS SO ORDERED that the all proceedings and deadlines in the above-captioned action are hereby STAYED pending resolution of the hiQ Appeal, as set forth herein.

DATED: October ___, 2017

                                     The Honorable Lucy H. Koh
                                     U.S. District Judge